UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. **00 - 6192**

FLORIDA BAR NO.: 258393

JANE KROLAK,

      Plaintiff,

-vs-

**COMPLAINT**

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

      Defendant.

_____/

CIV - DIMITROULEAS

MAGISTRATE
JOHNSON

      Plaintiff, JANE KROLAK ["J. KROLAK"], by and through her undersigned counsel, sues Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC. ["HUMANA"], and alleges:

      1.    This is an action for declaratory relief on an issue of first-party insurance coverage under federal question jurisdiction.

      2.    Plaintiff, J. KROLAK, is a resident of Broward County, Florida, and is otherwise sui juris.

      3.    Defendant, HUMANA, is a foreign corporation authorized to do business in the State of Florida. At all times material herein, said Defendant has an agent and is doing business in Broward County, Florida.

      4.    At all times material herein, Defendant HUMANA is the provider of medical and hospitalization expense indemnity insurance to Plaintiff, J. KROLAK, through group health number 75797. (Exhibit B).



5.      Defendant HUMANA is the provider of said coverage during the period January 1, 1996 through December 31, 1998.  The medical expenses of Plaintiff which are the subject of the cause of this action occurred during this time period.

6.      Subject matter jurisdiction of this action is based on federal question jurisdiction under the provisions of 28 U.S.C. §1331.   Previously, this Court has determined that the matters in controversy are governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et. seq. Attached as Exhibit A is a copy of the Court's order in Krolak vs. Humana Health Insurance Company of Florida, Inc., Case Number 99-6810-CIV-DAVIS/BROWN.

## FACTUAL BACKGROUND

7.      Plaintiff, JANE KROLAK, through her employer, PLANTATION GENERAL HOSPITAL, was issued a policy of group health insurance with Defendant HUMANA, Group Policy No. 75797.    A copy of said contract of insurance is attached as Exhibit B.

8.      In March, 1995, Plaintiff, J. KROLAK, had sustained a severe ankle fracture with torn ligaments and nerve damage while playing tennis.    As a result of the injury, Ms. Krolak was casted for a lengthy period and suffered significant atrophy throughout her leg.    The trauma to her ankle required hospitalization and medical treatment and extensive outpatient physical therapy treatment by Dr. Michael Abrahams.

-2-

9.    Following removal of her cast, Ms. Krolak entered an initial program of physical therapy.    She continued to suffer weakness and disability throughout the leg and foot and, in October, 1996, she was referred to Dr. Arthur Segall, Jr. for a second opinion.   Dr. Segall recommended physical therapy and evaluation of her neurogenic symptoms.

10.    In April, 1997, she continued to suffer severe pain, weakness, atrophy and disability.   Again, she was referred for further medical opinion from an orthopedic surgeon, Dr. Robert H. Mills.   Dr. Mills recommended that Ms. Krolak receive extensive physical therapy.   She was also diagnosed with nerve impairment.

11.    Dr. Segall, Dr. Mills, and Dr. Abrahams are physicians affiliated with Ms. Krolak's group health coverage through HUMANA.

12.    For services rendered intermittently beginning in January 1996 through June, 1997, Plaintiff incurred medical expenses which were covered under Defendant HUMANA's contract of insurance.   These known medical expenses that have not been paid by Defendant HUMANA are attached as Exhibit C.   Discovery and investigation is continuing and Plaintiff reasonably believes that additional medical expenses may be unpaid.

13.    Shortly after the occurrence of each of her medical expenses, claims forms and billing documentation were submitted by Plaintiff and her medical providers to Defendant HUMANA in accordance with the terms of her contract of insurance.

-3-

14.    Defendant HUMANA has failed or refused to make full and complete payment as required under the terms of the subject contract of insurance.

15.    Plaintiff has exhausted all remedies and has satisfied all conditions precedent to the filing of this action to recover payment of benefits.

16.    Plaintiff has either been sued or threatened with suit from her medical providers by reason of Defendants' failure to pay those expenses and her personal credit has been detrimentally affected by reason of Defendant HUMANA's failure to pay.

17.    Plaintiff has been forced to retain the services of an attorney and is obligated to pay the undersigned counsel for attorneys' fees and costs.

## COUNT I
## ERISA CLAIM FOR WRONGFUL
## DENIAL OF BENEFITS UNDER PLAN

18.    Plaintiff, J. KROLAK, adopts and realleges the allegations of paragraphs 1 through 17 as if fully set forth herein.

19.    At all times material herein, Defendant HUMANA provided Plaintiff, J. KROLAK, insurance benefits for medical and hospitalization expenses as described in Paragraphs 6 and 12, supra.

20.    Plaintiff, J. KROLAK, has incurred medical and hospitalization expenses which are covered under the contract of insurance.

21.    Upon information and belief, HUMANA is the Plan Sponsor and Plan Administrator of an employee benefit plan which provides medical and hospitalization expense coverage. Plaintiff does not have a copy of the actual plan. Defendant HUMANA is in sole possession of that plan.

-4-

22.    Defendant HUMANA is the provider of medical and hospitalization expense indemnity insurance to Plaintiff, J. KROLAK, through group health number 75797.

23.    Upon information and belief, the insurance coverage for Plaintiff's medical and hospitalization expenses may be an employee benefit plan subject to the provisions of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. 1001 et seq.

24.    Defendant HUMANA, as the insurer and therefore as a fiduciary, is obligated to pay for the aforedescribed medical and hospitalization expenses of Plaintiff.

25.    Plaintiff and her health care providers have submitted to Defendants all claims for medical and hospital expenses. Plaintiff has satisfied all conditions precedent to the filing of this action.

26.    Defendant has failed or refused to pay for the medical expenses of Plaintiff. Under the applicable provisions of ERISA, Plaintiff is entitled payment for said expenses pursuant to the remedies set forth therein, together with interest, attorneys' fees and costs.

WHEREFORE, Plaintiff, JANE KROLAK, demands judgment against Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., together with interest, attorneys' fees and costs, and for such other relief as this Court deems just.

## COUNT II
## DECLARATORY RELIEF

27.    Plaintiff, JANE KROLAK, adopts and realleges the allegations in paragraphs 1 through 17 as if fully set forth herein.

28.    On information and belief, Defendant has predicated its failure or refusal to pay benefits due and owing to Plaintiff, J. KROLAK, on the basis of facts which are incorrect and are known or should be known to Defendant to be incorrect.  The treatment for which the services were rendered were necessary to improve and to prevent continuing deterioration of her condition.  Defendant knew or should have known that her eventual recovery would not have been so successful without these services.

29.    Under the circumstances of this case,  a controversy has arisen and there is doubt as to the rights, duties and obligations of the parties under the terms and provisions of the subject contract of insurance and 29 U.S.C. §1001, et seq.

30.    Plaintiff KROLAK is therefore in need of a determination by this Court of Plaintiff's rights under the terms and provisions of the subject contract.

WHEREFORE, Plaintiff, J. KROLAK, respectfully requests this Court:

A.    To take jurisdiction over this matter for purposes of rendering a declaratory decree;

B.    To enter an order declaring that under the terms and provisions of the subject contract of insurance, Plaintiff, JANE KROLAK, was and is entitled to payment for medical and hospitalization expenses incurred and to be incurred.

-6-

C.    Grant Plaintiff, JANE KROLAK, such other and further relief as the Court deems appropriate.

D.    To enter an order awarding Plaintiff, JANE KROLAK, attorneys' fees and costs incurred for the pursuit of this action.

WHEREFORE, Plaintiff, JANE KROLAK, demands judgment against Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., together with interest, attorneys' fees and costs, and for such other relief as this Court deems just.

### COUNT III
### BREACH OF FIDUCIARY DUTY UNDER ERISA

31.    Plaintiff, J. KROLAK, adopts and realleges the allegations in paragraphs 1 through 17 as if fully set forth herein.

32.    Plaintiff KROLAK complied with all conditions precedent to authorization under the Plan for treatment by Drs. Abrahams, Seagall, and Mills.

33.    Drs. Abraham, Seagall and Mills are participating providers under the Plan.   All treatment provided by said physicians were necessary for her recovery from her injury and to prevent further damage and symptoms due to her nerve injury.

34.    By refusing to pay the benefits to Plaintiff or her participating physicians, Defendant HUMANA has breached its fiduciary duty to administer the Plan pursuant to 29 U.S.C. §1004,  et seq.

-7-

WHEREFORE, Plaintiff, JANE KROLAK, demands judgment against Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., together with interest, attorneys' fees and costs, and for such other relief as this Court deems just.

DATED: this 7th day of FEBRUARY, 2000.

> McFANN & BEAVERS, P.A.
> The 110 Tower, Suite 1900
> 110 Southeast 6th Street
> Fort Lauderdale, Florida 33301
> Telephone: (954) 462-8500
>
> By: _____
>     TIMOTHY P. BEAVERS
>     Attorney for Plaintiff

# ADDITIONAL

# ATTACHMENTS

# <u>NOT</u>

# SCANNED

## PLEASE REFER TO COURT FILE

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET   00-6192

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-DIMITROULEAS**

## I. (a) PLAINTIFFS

Jane Krolak

## DEFENDANTS

Humana Health Insurance
Company of Florida, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  *Broward*
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A-NORTH-6192 --- D/LRT

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
McFann + Beavers, P.A.
110 SE 6th St., Suite 1900
Fort Lauderdale, FL 33401  (954) 462-8500

ATTORNEYS (IF KNOWN)

**MAGISTRATE
JOHNSON**

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   (BROWARD),   PALM BEACH,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION    (PLACE AN  X  IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans Exc. Veterans | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | A☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | A OR B |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Defendant failed and/or refused to pay Plaintiff's contract of insurance
28 U.S.C. Section 1331

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ YES   ☒ NO

## VIII. RELATED CASE(S)  (See instructions:)
IF ANY

JUDGE _____   DOCKET NUMBER _____

DATE
2/8/2000

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # 518520   AMOUNT 150.00   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____