ENVELOPES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

JANE KROLAK,

    Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

    Defendant.

_____/

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

### DEFENDANT, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTS I AND II OF PLAINTIFF'S COMPLAINT[1]

Defendant, Humana Health Insurance Company of Florida, Inc. (Humana), by and through its undersigned counsel, hereby files and serves its Answer to Plaintiff's Complaint[2] and Affirmative Defenses thereto (in respect of Counts I and II of the Complaint) and would state:

### ANSWER

1. Denied as phrased.

2. Without knowledge and therefore, denied.

3. Denied. Humana is a Florida corporation. Admitted that Humana has

---

[1] Defendant only answers and pleads affirmative defenses to Counts I and II of Plaintiff's Complaint, as this Defendant has, contemporaneous to the filing of this Answer, filed and served a Motion to Dismiss Count III (Breach of Fiduciary Duty) of Plaintiff's Complaint.

[2] Plaintiff's "first" Complaint (Case No. 99-6810-CIV-DAVIS/BROWN) was dismissed by Order of the Court dated January 19, 2000 under ERISA preemption. Although Plaintiff was permitted to "refile" (i.e. amend) within twenty (20) days of said Order, Plaintiff, instead, chose to file a "new" Complaint. Humana would respectfully, bring this point to the Court's attention as same is perceived as "forum shopping" by this Plaintiff.



agents and is doing business in Broward County, Florida.

4. Denied as phrased. The subject insurance policy/plan speaks for itself in terms of the obligations of this Defendant to this Plaintiff.

5. Denied as phrased. The subject insurance policy/plan was in effect during the period January 1, 1996 through December 31, 1998. Admitted that the purported medical expenses were incurred during this time period. All remaining allegations are denied a phrased.

6. Admitted.

7. Admitted. However, it does not appear that Plaintiff has attached a true, correct and complete copy of the subject insurance policy/plan to the Complaint, as represented.

8. Admitted that Plaintiff sustained an ankle fracture in or about March, 1995, while playing tennis. All remaining allegations are denied as phrased.

9. Admitted that Plaintiff initially participated in a program of physical therapy and that she continued with physical therapy. All remaining allegations are denied as phrased.

10. Admitted that Ms. Krolak continued to receive physical therapy. All remaining allegations are denied.

11. Upon information and belief, Doctors Segall, Mills and Abrahams were affiliated providers of Humana, and therefore admitted.

12. Denied as phrased.

13. Denied as phrased.

14. Denied.

15. Denied.

16. Without knowledge and therefore, denied.

17. Without knowledge and therefore, denied.

**COUNT I - "ERISA CLAIM FOR WRONGFUL DENIAL OF BENEFITS UNDER PLAN"**

18. Humana repeats and reavers its answers to paragraphs 1 - 17 above.

19. Denied as phrased.

20. Denied as phrased.

21. Denied as phrased. Humana would not have been the plan sponsor of the subject plan. All remaining allegations are denied as phrased.

22. Denied as phrased.

23. Denied as phrased. The subject insurance coverage is an employee benefit plan subject to ERISA. See Court Order (from Case No. 99-6810) dated January 19, 2000 at page 2 ["we find that these facts demonstrate that Plaintiff's contract of insurance constitutes an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA")..."]

24. Denied as phrased.

25. Denied.

26. Denied as phrased.

**COUNT II - DECLARATORY RELIEF**

27. Humana repeats and reavers its answers to paragraphs 1 - 17, above, herein.

28. Denied.

29. Denied.

3

30. Denied.

## AFFIRMATIVE DEFENSES

1. As and for its First Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting her claims herein under the doctrine of insurance by estoppel.

2. As and for its Second Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting her claims herein for failure and/or want of consideration.

3. As and for its Third Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting her claims herein under clear and unambiguous exclusions set forth in the subject plan/policy documents and, specifically, "limitations and exclusions"- paragraph 33a. - "maintenance care, which consists of services and supplies furnished mainly to: maintain, rather than improve, a level of physical...function..."

4. As and for its Fourth Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting her claim herein as the subject medical treatment was not medically necessary as defined by the subject policy/plan.

5. As and for its Fifth Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting any and all claims preempted under 29 U.S.C. §1132.

6. As and for its Sixth Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting a claim for declaratory relief under 28 U.S.C. §2201 for failure to state a cause of action in respect of said claim.

4

7.    As and for its Seventh Affirmative Defense, Humana would state that Plaintiff is barred and/or estopped from asserting her claims herein for failure to exhaust all administrative remedies prior to bringing suit and/or satisfying all conditions precedent.

8.    Humana reserves the right to supplement its Affirmative Defenses on proper motion and order from the Court thereon; discovery is on-going.

WHEREFORE, having answered Counts I and II of Plaintiff's Complaint, Humana demands judgment in its favor and for the award of its attorneys fees and costs pursuant to 29 U.S.C. §1132 (g) and such other relief that this Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. mail this 15th day of March, 2000 upon: **Timothy P. Beavers, Esq.,** Attorney for Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th Street, Fort Lauderdale, Florida 33301.

**WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
Craig J. Trigoboff
Fla. Bar No. 880541

5