COPIES NOT PROVIDED
ENVELOPES NOT PROVIDED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

JANE KROLAK,  
          Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

          Defendant.
_____/

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

**DEFENDANT, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF[1]**

Defendant, Humana Health Insurance Company of Florida, Inc. (Humana), by and through its undersigned counsel and pursuant to *Fed. R. Civ. P.* 12 and *S. D. Fla. L. R.* 7.1, moves this Honorable Court for the entry of an Order dismissing Count III of Plaintiff's Complaint[2], entitled "Breach of Fiduciary Duty under ERISA" and as grounds would state:

    1.    Plaintiff has sued Humana for, *inter alia*, "payment for [medical expenses] pursuant to the remedies set forth [under the applicable provisions of ERISA]" (see paragraph 26 of the Complaint) and arising under an employee benefit plan subject to the provisions of ERISA. (See paragraph 23 of the Complaint)

---

[1] Contemporaneous to the filing and service of this motion, Humana has filed and served its Answer and Affirmative Defenses to Counts I and II of Plaintiff's Complaint.

[2] Plaintiff's "first" Complaint (Case No. 99-6810-CIV-DAVIS/BROWN) was dismissed by Order of the Court dated January 19, 2000 under ERISA preemption. Although Plaintiff was permitted to "refile" (i.e. amend) within twenty (20) days of said Order, Plaintiff, instead, chose to file a "new" Complaint. Humana would respectfully, bring this point to the Court's attention as same is perceived as "forum shopping" by this Plaintiff.



      2.    As noted, Humana has filed an Answer and Affirmative Defenses to Count I (entitled "ERISA Claim for Wrongful Denial of Benefits under Plan") and Count II (entitled "Declaratory Relief").

      3.    However, Plaintiff also seeks relief, under Count III of the Complaint, for "Breach of Fiduciary Duty under ERISA." For those reasons set forth and explicated herein and below, said count should be dismissed with prejudice.

      4.    Initially, Plaintiff's claim for Breach of Fiduciary Duty under ERISA should be dismissed, with prejudice, as untimely filed under the applicable statute of limitations. In this regard, 29 U.S.C. §1113 provides, in pertinent part, that

> No action may be commenced under the subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of - -
>
> \*     \*     \*
>
> (2) **three years** after the earliest date on which the Plaintiff had actual knowledge of the breach or violation. (e.s.)

      5.    In her Complaint, and with respect to the dispositive issue of when the Plaintiff "had actual knowledge of the breach," the following allegations are material:

> 12. For services rendered intermittently beginning in **January 1996** through June, 1997, Plaintiff incurred medical expenses which were covered under Defendant HUMANA's contract of insurance. These **known medical expenses** that have not been paid by Defendant, HUMANA are attached as Exhibit C...
>
> 13. **Shortly after the occurrence of each of her medical expenses**, claims forms and billing documentation were submitted by Plaintiff and her medical providers to Defendant HUMANA in accordance with the terms of her contract of insurance. (e.s.)

2

6. It is therefore, undisputed, that as early as January, 1996, Plaintiff's known medical expenses were being submitted by the Plaintiff to Humana and Plaintiff knew of Humana's [allegedly wrongful] failure to pay for same at that time. However, Plaintiff did not first file her Complaint seeking relief for "Breach of Fiduciary Duty under ERISA," until February 7, 2000 - - over **four (4) years** after Plaintiff clearly knew of the alleged breach by Humana.

7. Accordingly, Count III of Plaintiff's Complaint should be dismissed, with prejudice.

8. Alternatively, Count III of Plaintiff's Complaint should be dismissed as barred under ERISA. In this regard, and as noted, Plaintiff has already brought a claim (Count I) under ERISA seeking, "payment for [medical] expenses" purportedly covered under the subject employee welfare benefit plan. Humana has answered said Count and has plead meritorious affirmative defenses to said claim.

In Katz v. Alltel Corporation et al., 985 F. Supp. 1157 (N.D. Ga 1997), the Court held, in a case where Plaintiff (as here) brought a claim for benefits under Section 502(a)(1)(B), the Plaintiff could not therefore maintain a claim for breach of fiduciary duty (i.e. equitable relief) as the Plaintiff was provided adequate relief by her right to bring a claim for benefits under Section 502(a)(1)(B) and no substantively different relief is being sought. *But compare*, Varity Corp. v. Howe, 516 U.S. 489 (1996)(an individual may sue for breach of fiduciary duty under ERISA where no other adequate relief for a beneficiary's injury under ERISA is provided for).

9. Accordingly, as the Plaintiff does have adequate relief under ERISA by her right to bring a claim for benefits and as set forth in Count I of the

3

Complaint and since Plaintiff seeks no substantively different relief in Count III from Count I, Count III of Plaintiff's Complaint, sounding in breach of fiduciary duty should be dismissed.

WHEREFORE, Defendant, Humana Health Insurance Company of Florida, Inc., respectfully requests that this Honorable Court enter an Order dismissing Count II of Plaintiff's Complaint, consistent herewith, and for the award of its reasonable attorneys' fees and costs incurred herein pursuant to 29 U.S.C. §1132 (g).

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. mail this 15th day of March, 2000 upon: **Timothy P. Beavers, Esq.,** Attorney for Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th Street, Fort Lauderdale, Florida 33301.

**WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
Craig J. Trigoboff
Fla. Bar No. 880541