UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

JANE KROLAK,

    Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

    Defendant.
_____/

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

**DEFENDANT, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant, Humana Health Insurance Company of Florida, Inc. (Humana), by and through its undersigned counsel and pursuant to the *S. D. Fla. L.R.* 7.1C, hereby files and serves its Reply to Plaintiff's Response to Humana's Motion to Dismiss Count III of Plaintiff's Complaint and would state:

1.    As a threshold matter, and as the Court is aware, Humana's Motion to Dismiss Count III of Plaintiff's Complaint, sounding in "Breach of Fiduciary Duty under ERISA", is premised on two (2) substantive arguments, *viz*: a statute of limitations basis; and, the failure to state a cause of action against Humana as barred under both the ERISA statute and governing case law. However, and despite these two arguments having been raised in Humana's Motion to Dismiss, Plaintiff **only** addresses in her Response the argument raised pertaining to the statute of limitations position. There is no argument or any authority pled to counter or rebut Humana's contention that Count III of Plaintiff's Complaint should be dismissed, with prejudice, as Plaintiff has adequate relief under ERISA by her right to bring a claim for benefits (as set forth in Count

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

I of her Complaint) and since Plaintiff seeks no substantively different relief in Count III than from Count I.  Accord, <u>Katz v. Alltell Corporation, et al</u>, 985 F. Supp. 1157 (N.D. Ga. 1997).

2. Accordingly, as Plaintiff failed to oppose or distinguish those arguments and authorities presented and relied upon by Humana, Humana's Motion to Dismiss Count III of Plaintiff's Complaint for failure to state a cause of action should, respectfully, be granted by default. Accord, *S. D. Fla. L. R.* 7.1C.

3. Notwithstanding, Plaintiff does attempt to address the other argument raised by Humana, *viz*: statute of limitations. In this regard, and curiously, Plaintiff seeks refuge behind her own poorly-pled Complaint. Plaintiff's own admission, at paragraph 3 of her Response, that, "It can not be ascertained from the allegations of the Complaint what actions occurred under the plan after submission of the medical expenses," is at the very least, disingenuous; and at the very best, legally insufficient. Humana would submit that Plaintiff's allegations, at least on this point (that being, when Plaintiff had actual knowledge of those actions which she contends constituted a breach of duty under the plan) are absolutely clear. Again, Plaintiff admits and acknowledges in her own Complaint that:

> 12. For services rendered intermittently **beginning in January, 1996** through June, 1997, Plaintiff incurred medical expenses which were covered under Defendant, HUMANA's contract of insurance. These **known** medical expenses that have not been paid by Defendant, HUMANA, are attached as Exhibit C....
>
> 13. **Shortly after the occurrence of each of her medical expenses, claims, forms, and billing documentation were submitted by Plaintiff** and her medical providers to Defendant, HUMANA... (e.s.)

Plaintiff now "reads" her own allegations in strained and tortured fashion. The only

2

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

fair and reasonable reading of Plaintiff's allegation is that <u>as early as</u> January, 1996 Plaintiff allegedly incurred medical expenses and that these <u>known</u> (to the Plaintiff!) medical expenses were not being paid by Humana as early as that time. Further, Plaintiff admits that, "shortly after the occurrence of each of her medical expenses," (again, beginning as early as January, 1996), <u>she</u> began submitting these claims to Humana -- and presumably, were being promptly disposed of and/or denied.

4. Further, Plaintiff's reliance on <u>Ziegler v. Connecticut General Life Insurance Company</u>, 916 F. 2d 548 (9th Cir. 1990) is misplaced, and the holding of the case misapprehended. Initially, in <u>Ziegler</u>, the Ninth Circuit affirmed the District Court's entry of a judgment on the pleadings, dismissing the Plaintiff's complaint as barred under the ERISA statute of limitations. Procedurally, Humana seeks the same ultimate relief which the <u>Ziegler</u> Court has approved. Further, and substantively, the <u>Ziegler</u> Court held that the ERISA statute of limitations governing actions for breach of fiduciary duties (i.e. 29 U.S.C. § 1113):

> ...indicates a two-step analysis of accrual of an ERISA action: first, when did the alleged "breach or violation" occur; and second, when did [the Plaintiff] have "actual knowledge" of the breach or violation?

With respect to the "first-step", it is simply undisputed, based on Plaintiff's own pled allegations, that the alleged "breach or violation" **first** occurred in January, 1996 (see ¶ 12 of Plaintiff's Complaint). With respect to the second-step of the analysis, the Plaintiff, again, by her own admission, had "actual knowledge" of the alleged breach or violation by Humana as early as January, 1996 -- or "shortly after ..." same (see ¶ 13 of Plaintiff's Complaint). Again, 29 U.S.C. §1113(2) provides for a three (3) year statute of limitations consistent with the above analysis. Plaintiff did not file her Complaint for "Breach of Fiduciary Duty under ERISA," until

3

CASE NO. 00-6192-CIV-DIMITROULEAS
Magistrate Judge Brown

February 7, 2000 - - well over four (4) years after the alleged "breach or violation" first occurred and when Plaintiff had "actual knowledge" of the alleged breach or violation. Accordingly, Count III of Plaintiff's Complaint should be dismissed as time barred.[1]

Wherefore, and based on the foregoing, Defendant, Humana Health Insurance of Florida, Inc., respectfully requests that this Honorable Court enter an order dismissing Count III of Plaintiff's Complaint, with prejudice, consistent herewith and to award Humana its reasonable attorneys' fees incurred pursuant to 29 U.S.C. §1132 (g) and such other relief as this Court deems just and proper.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by U.S. mail this  3rd  day of April, 2000 upon: **Timothy P. Beavers, Esq.,** Attorney for Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th Street, Fort Lauderdale, Florida 33301.

**WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
Craig J. Trigoboff
Fla. Bar No. 880541

---

[1] Plaintiff contends that this Court should not grant Humana's Motion to Dismiss this claim because "The defense of statute limitations is plead as a (sic) affirmative defense by Defendant and should be determined based on the evidence." (See paragraph 7 of Plaintiff's Response). However, it is well settled that although properly an affirmative defense that must be plead and proven by the Defendant, a statute of limitations claim may be raised on a motion to dismiss if the Complaint shows on its face (as here) that the limitations period has run. See, Caplan v. The Guardian Life Insurance Company of Florida, 1996 WL 1057652 (S.D. Fla. 1996); City of Fort Lauderdale v. Ross, Saarinen, Bolton & Wilder, Inc., 815 F. Supp. 444, 446 (S.D. Fla. 1992), and Avco Corp. v. Precision Air Parts, Inc., 676 F. 2d 494, 495 (11th Circuit 1982), cert. denied, 459 U.S. 1037 (1982).