UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JANE KROLAK,  CASE NO.: 00-6192-CIV-~~DIMITROULEAS~~ ERO
Magistrate Judge Brown
    Plaintiff,
-vs-

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

    Defendant.
_____/

**PLANTIFF JANE KROLAK'S RESPONSE TO
DEFENDANT'S MOTION TO DISMISS OR STRIKE COUNT
III OF THE COMPLAINT WITH SUPPORTING MEMORANDUM OF LAW**

    Plaintiff, JANE KROLAK, through the undersigned counsel, responds to the Motion of Defendant, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC., to Dismiss or Strike Count III of the Complaint.

    1.    Count III of the Complaint should not be stricken as it cannot be conclusively established from the allegations of Count III that the claim of breach of fiduciary duty is time-barred.

    2.    Paragraph 5 of the Complaint alleges as follows:

> (5.)  Defendant HUMANA is the provider of said coverage during the period January 1, 1996 through December 31, 1998. The medical expenses of Plaintiff which are the subject of the cause of this action occurred during this time period.

Furthermore, Defendant's citation of Paragraph 12 of the Complaint is incomplete.



The remainder of Paragraph 12 states as follows:

> ......Discovery and investigation is continuing, and Plaintiff reasonably believes that additional medical expenses may be unpaid.

3. It cannot be ascertained from the allegations of the Complaint what actions occurred under the plan after submission of the medical expenses. Only a consideration of the evidence will show when the statue of limitations should begin to run. The Complaint does not allege when Plaintiff had actual knowledge of Defendant's breach of its fiduciary duty.

4. Defendant's reliance on Paragraphs 12 and 13 of the Complaint in an effort to create a time of Plaintiff's actual knowledge of the breach of duty is misplaced. Those allegations merely establish that **HUMANA** knew of the medical expenses during some period of time after they were incurred.

5. Though the allegations establish that HUMANA was aware of the existence of the medical expenses, the running of the statute of limitations is dependent on when actions were taken by HUMANA, when Plaintiff had actual knowledge of those actions and whether she knew such actions were a breach of duties under the Plan. _Spragg vs. Pacific Telesis Group_, 163 F.3d 501 (9th Cir. 1999); _Ziegler vs. Connecticut General Life Ins. Co._, 916 F.2d 548, 550 (9th Cir. 1990).

6. In considering a Rule 12(b)(6) motion to dismiss, the Court must construe the allegations, and all inferences therefrom, to be true and should

not dismiss the Complaint unless it appears beyond doubt that Plaintiff can prove no set of facts for which relief can be granted. *Conley vs. Gibson*, 355 U.S. 41, 45-46; 78 S. CT. 99, 102; 2L. ED. 2d 80 (1957).

7.  The defense of statute of limitations is plead as a affirmative defense by Defendant and should be determined based on the evidence. Though such an affirmative defense may be raised in a motion to dismiss, it should not be granted when it is not conclusively valid from the face of the Complaint alone. *Williams vs. Dayton Police Department*, 680F. Supp. 1075 (S.D. Ohio 1987).

For the reasons set forth above, Plaintiff respectfully requests this Court to deny Defendant's Motion to Dismiss Count III of the Complaint.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served, by mail, this _____ day of March, 2000, to CRAIG J. TRIGOBOFF, ESQUIRE, One Financial Plaza, Suite 1500, Fort Lauderdale, Florida 33394.

McFANN & BEAVERS, P.A.
The 110 Tower, Suite 1900
110 Southeast 6th Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8500
Fax:             462-8510

By: _____
TIMOTHY P. BEAVERS
Attorney for Plaintiff
FLORIDA BAR NO.: 258393