**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division**

JANE KROLAK,                               CASE NO. 00-6192-CIV-ZLOCH

          Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

          Defendant.

_____/

**DEFENDANT, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA, INC.'S
MOTION TO COMPEL SATISFACTION OF JUDGMENT AND FOR IMPOSITION OF
SANCTIONS AND INCORPORATED MEMORANDUM OF
LAW IN SUPPORT THEREOF**

Defendant, Humana Health Insurance Company of Florida, Inc. (Humana), by

and through its undersigned counsel and pursuant to *S. D. Fla. L.R.* 7.1, moves this

Honorable Court for the entry of an Order compelling Plaintiff (and/or her counsel,

Timothy Beavers, Esq.) to execute, record and serve a Satisfaction of Judgment in

favor of Humana and for the imposition of all warranted sanctions and as grounds

would state:

1.      Plaintiff, Jane Krolak, initially commenced this action against Humana in

the Broward County Circuit Court, docket no. 99-010025-CACE-07, on or about June 4,

1999.  In response thereto, Humana filed a Notice of Removal of this action to this

Court as the subject matter presented raised federal question jurisdiction.  See Exhibit

"A".  Specifically, Plaintiff sought to recover health insurance benefits under an

employee welfare benefit plan, and that such claim was governed by the Employee



Retirement Income Security Act of 1974 ("ERISA").

2. Although Plaintiff sought remand, this Court denied Plaintiff's Motion to Remand and in addition, granted Humana's Motion to Dismiss premised upon ERISA preemption. See attached Exhibit "B".

3. Thereafter, and during the pendency of this proceeding, Humana served an Offer of Judgment upon the Plaintiff on June 19, 2000. See attached Exhibit "C".

4. On June 23, 2000, Plaintiff filed and served her Notice of Acceptance of Defendant's Offer of Judgment, requesting, "that judgment in the amount of Three Thousand Five Hundred ($3,500.00) Dollars be entered against Defendant." See attached Exhibit "D".

5. On June 29, 2000, this Court entered Final Judgment in favor of the Plaintiff and against Humana pursuant to *Fed. R. Civ. P.* 68. See attached Exhibit "E".

6. On July 6, 2000, Humana's undersigned counsel delivered to Plaintiff's counsel, Timothy P. Beavers, Esq., Humana's check in the amount of $3,500.00 representing full payment and satisfaction of the Judgment entered by this Court following Plaintiff's acceptance of Humana's Offer of Judgment. Of significance, undersigned counsel reminded Mr. Beavers that:

> ...you (and you client) are again reminded and
> instructed to prepare and record a Satisfaction
> of Judgment in accordance with Florida law
> and forward a courtesy copy to me. See
> attached Exhibit "F".

7. As neither Humana nor its undersigned counsel ever received a duly executed and recorded Satisfaction of Judgment, in accordance with Florida law, undersigned counsel again wrote to Mr. Beavers, on August 24, 2000, requesting:

> ...that your client prepare and record a
> Satisfaction of Judgment in accordance with
> Florida law, to the extent that you client
> accepted Humana's Offer of Judgment, Final
> Judgment was entered by the Court, and
> Humana has since satisfied that Judgment.

Mr. Beavers and his client were given yet another 13 days (up to and through

September 6, 2000) within which to comply or be subjected to those remedies and

sanctions provided for under Florida law.  See attached Exhibit "G".

8.     As of this date, Plaintiff and her counsel have failed to comply with

governing and applicable Florida law concerning satisfaction and/or cancellation of

judgments despite Humana's good faith efforts to obtain same.  In this regard, §

701.04, *Fla. Stat.*, provides, in pertinent part, that:

> ...Whenever the amount of money due on
> any...judgment shall be fully paid to the...party
> entitled to the payment thereof...the attorney of
> record in the case of a judgment, to whom
> such payment shall have been made, shall
> execute in writing an instrument
> acknowledging satisfaction of said...judgment
> and have the same acknowledged, or proven,
> and duly entered of record in the book
> provided by law for such purposes in the
> proper county.  Within 60 days of the date of
> receipt of the full payment of the...judgment,
> the person required to acknowledge
> satisfaction of the...judgment shall send or
> cause to be sent the recorded satisfaction to
> the person who has made the full payment.

Further, § 701.05, *Fla. Stat.*, provides, in pertinent part, that:

> Any person entitled to and receiving the
> payment of the amount of money due upon
> any...judgment, who shall fail for 30 days after
> written demand made by the person paying the
> same, to cancel and satisfy of record, as
> provided by law, any...judgment so paid, **shall**

> **be guilty** of a misdemeanor of the second
> degree, punishable as provided in s.775.082 or
> s.775.083. (e.s.)

9.    Plaintiff (and her counsel) have clearly failed to satisfy the Judgment duly

paid by Humana on July 6, 2000 despite being given the requisite notice to do so.

10.    Therefore, § 775.083(1) *Fla. Stat.* provides, in pertinent part, that:

> ...A person who has been convicted of a non
> criminal violation may be sentenced to pay a
> fine.  Fines for designated crimes and for non
> criminal violations shall not exceed:
> > (e)$500, when the conviction is of
> > a misdemeanor of the second
> > degree or a noncriminal violation.

As Plaintiff (and/or her counsel) have not satisfied the subject Judgment, in

accordance with §§ 701.04 and 701.05, *Fla. Stat.*, Plaintiff (and/or her counsel) are

guilty, under Florida law, of a misdemeanor of the second degree, punishable as set

forth above. Accordingly, and in addition to requesting that this Court compel Plaintiff

(and/or her attorney) to execute, record and deliver a Satisfaction of Judgment to

Humana, forthwith, Humana also ask that this Court impose a $500.00 penalty of not

less than upon Plaintiff (and/or her counsel) as the warranted penalty and fine.

11.    Humana would also seek an award of its reasonable attorneys' fees

incurred in having to prepare the instant motion and seek the relief which it is entitled to

under the law given its good faith efforts to resolve this issue with Plaintiff's counsel, to

no avail.

WHEREFORE, Defendant, Humana Health Insurance Company of Florida, Inc.,

respectfully request this Honorable Court enter an Order compelling Plaintiff (and/or her

counsel) to execute, record and deliver a Satisfaction of Judgment to Humana,

forthwith, and for the imposition of warranted sanctions, set forth above, consistent

herewith.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

U.S. mail this 7th day of September, 2000 upon: **Timothy P. Beavers, Esq.,** Attorney

for Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th

Street, Fort Lauderdale, Florida 33301.

**WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By:
Craig J. Trigoboff
Fla. Bar No. 880541

**Exhibit "A"**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO: 99010025-CACE-07

JANE KROLAK,

      Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

      Defendant.

_____/

## REMOVAL NOTICE TO CLERK OF THE CIRCUIT COURT

To:   Clerk of the Circuit Court
in and for Broward County, Florida
Broward County Courthouse
201 S.E. 6th Street
Fort Lauderdale, Florida 33301

PLEASE TAKE NOTICE that on June 28, 1999, Defendant, Humana Health

Insurance Company of Florida, Inc. removed this cause to the United States District

Court for the Southern District of Florida. A copy of the Notice of Removal is attached

and incorporated into this Notice. Pursuant to 28 U.S.C. §1446, this Court is not to

proceed unless and until this case is remanded.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by

U.S. mail this 28th day of June, 1998 upon: **Timothy P. Beavers, Esq.,** Attorney for

Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th

Street, Fort Lauderdale, Florida 33301.

**WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By: _____
    Craig J. Trigoboff
    Fla. Bar No. 880541

-2-

**Exhibit "B"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

### CASE NO. 99-6810-CIV-DAVIS/BROWN

JANE KROLAK,

        Plaintiff,

v.

HUMANA HEALTH INSURANCE COMPANY
OF FLORIDA, INC.

        Defendants.

_____/



FILED by _____ D.C.

JAN 2 0 2000

CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Remand [D.E. #4], Defendant's

Motion to Strike Plaintiff's Motion to Remand [D.E. #5], and on Defendant's Motion to Dismiss

[D.E. #2]. Plaintiff's suit arises out of Defendant's alleged breach of its contract of insurance with

Plaintiff. After Plaintiff filed her Complaint in state court, Defendant timely removed the action to

this Court. For the reasons set forth below, the Court will deny Plaintiff's Motion to Remand,[1] and

grant Defendant's Motion to Dismiss.

### *Plaintiff's Motion to Remand*

"A motion to remand the case on the basis of any defect other than lack of subject matter

jurisdiction must be made within 30 days after the filing of the notice of removal under section

1446(a)." 28 U.S.C. § 1447(c). Because Plaintiff filed her motion long after the 30-day deadline,

the Court will only address Plaintiff's argument that federal question jurisdiction does not lie in this

---

[1] Defendant's Motion to Strike is therefore denied as moot.

Court because the face of Plaintiff's Complaint "reveals no basis for federal jurisdiction." *Plaintiff's Motion to Remand*, ¶2. Any other argument is time barred.

In her Complaint, Plaintiff has sued Humana under Florida law, for Breach of Contract (Count I), Declaratory Relief (Count II), and Specific Performance (Count III),[2] in connection with the alleged denial of certain health care benefits by Humana for physical therapy services following a tennis accident. Plaintiffs Complaint, and documents attached thereto, establishes–and Krolak does not dispute–that Plaintiff was an insured of Humana during the relevant time period and was receiving her health care benefits under a group policy issued to her employer. *See Plaintiff's Complaint*, ¶¶ 4, 6, and Exhibit A. We find that these facts demonstrate that Plaintiff's contract of insurance constitutes an "employee welfare benefit plan" under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). Therefore, her claims are within the ambit of this Court's federal question subject matter jurisdiction and are removable to this Court. *See BLAB T.V. of Mobile, Inc. v. Comcast Cable*, 182 F.3d 851, 855 (11th Cir. 1999) ("state claims falling within the scope of section 502(a) of [ERISA] are necessarily federal in character and therefore removable to federal court."). Thus, Plaintiff's motion to remand is DENIED.

---

[2] Plaintiff has voluntarily abandoned her Count IV claim for infliction of emotional distress.

2

***Defendant's Motion to Dismiss***

ERISA's preemption provisions are famous and dispose of Defendant's motion in its favor. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Shaw v. Delta Airlines Co., Inc.*, 463 U.S. 85 (1983); *Variety Childrens Hosp., Inc. v. Century Medical Health Plan, Inc.*, 57 F.3d 1040 (11th Cir. 1995); *Urbino v. Pan Am. Life Ins. Co.*, 822 F.Supp. 1556 (S.D. Fla. 1993). Having found that Plaintiff's state law claims are governed by ERISA, we also find that they are preempted by ERISA. *See Pilot Life, supra* (common-law tort and contract claims preempted by ERISA); *Urbino, supra*, (state law contract claims for breach of health insurance contract preempted by ERISA); *Jackson v. Martin Marietta Corp.*, 805 F.2d 1498 (11th Cir. 1986) (finding ERISA preemption of a breach of contract claim for improper calculation of pension benefits). Accordingly, the Complaint is due to be dismissed because the claims pleaded are preempted and thus fail to state claims upon which relief can be granted. Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand is **DENIED.**

It is **FURTHER ORDERED** that Defendant's Motion to Dismiss is **GRANTED WITHOUT PREJUDICE** to refile within twenty (20) days of the date stamped on this Order.

It is **FURTHER ORDERED** that Defendant's Motion to Strike is **DENIED.**

**DONE AND ORDERED** in Chambers in Miami, Florida this $7$ day of January, 2000.

EDWARD B. DAVIS
CHIEF UNITED STATES DISTRICT JUDGE

cc: Attached Service List

3

Timothy Paul Beavers, Esq.
McFann Beavers & Kaplan
110 SE 6th Street
Suite 1900
Fort Lauderdale, FL 33301

Craig Julian Trigoboff, Esq.
Waldman Feluren & Trigoboff
One Financial Plaza
100 SE 3rd Avenue
Suite 1500
Fort Lauderdale, FL 33394

4

**Exhibit "C"**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

JANE KROLAK,                                          CASE NO. 00-6192-CIV-DAVIS

Plaintiff,

v.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

Defendant.

_____/

### DEFENDANT, HUMANA HEALTH INSURANCE COMPANY OF FLORIDA INC.'S OFFER OF JUDGMENT

Defendant, Humana Health Insurance Company of Florida, Inc., by and through its undersigned counsel and pursuant to *Fed.R.Civ.P.* 68 hereby offers that judgment be taken against it, and in favor of Plaintiff, Jane Krolak, in the total amount of THREE THOUSAND FIVE HUNDRED DOLLARS ($3,500.00) which is inclusive of all of the Plaintiff's damages and claims, including nominal, compensatory and punitive damages, attorneys' fees, litigation costs and any interest, if applicable. This Offer of Judgment, and Plaintiff's acceptance of same, is conditioned upon the following terms:

1.    The Plaintiff accepting the Offer as proposed, in its entirety. The Offer of Judgment is not open for acceptance by the Plaintiff, Jane Krolak, in piecemeal or fragmented fashion;

CASE NO. CL 99-4978 AE

      2.    That Plaintiff, Jane Krolak, if she accepts this Offer of Judgment, shall

execute and deliver a General Release/Indemnification/Hold Harmless Agreement in favor

of Humana.   This General Release/Indemnification/Hold Harmless Agreement shall

address not only those claims asserted by the Plaintiff in the instant action but any

threatened or potential claims that may exist against the Plaintiff and/or Humana in favor

of any third party, for payments of any medical expenses or services rendered to Plaintiff,

Jane Krolak, existing on or prior to the date of this Offer;

      3.    That Plaintiff, Jane Krolak, if she accepts this Offer of Judgment, shall

file a Voluntary Dismissal with Prejudice in respect of her claims against Humana; and,

      **This Offer of Judgment shall remain open for acceptance by the**

**Plaintiff, Jane Krolak, only for a period of ten (10) days, hereof.**

      **PLEASE BE GOVERNED ACCORDINGLY.**

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing was served

by fax and U.S. mail this 19Th day of June, 2000 upon: **Timothy P. Beavers, Esq.,** Attorney

for Plaintiff, McFann & Beavers, P.A., The 110 Tower, Suite 1900, 110 Southeast 6th

Street, Fort Lauderdale, Florida 33301.

      **WALDMAN FELUREN & TRIGOBOFF, P.A.**
One Financial Plaza•Suite 1500
Fort Lauderdale, Florida 33394
Telephone: (954) 467-8600
Facsimile: (954) 467-6222

By:

      **Craig J. Trigoboff**
      Fla. Bar No. 880541

-2-

**Exhibit "D"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 00-6192-CIV – ZLOCH/JOHNSON

JANE KROLAK,

Plaintiff,

-vs-

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

Defendant.
_____/

## PLAINTIFF'S NOTICE OF
## ACCEPTANCE OF DEFENDANT'S OFFER OF JUDGMENT

Plaintiff, JANE KROLAK, has considered and has advised her counsel to file this Notice of Acceptance of the Offer of Judgment pursuant to Rule 68, Fed.R.Civ.P.

Pursuant to the aforesaid Rule, Plaintiff attaches a copy of the Offer of Judgment along with this Notice of Acceptance together with proof of service thereof. Plaintiff respectively requests that judgment in the amount of Three Thousand Five Hundred ($3,500.00) Dollars be entered against Defendant.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served, by mail, this 23 day of June, 2000, to CRAIG J. TRIGOBOFF, ESQUIRE, One Financial Plaza, Suite 1500, Fort Lauderdale, Florida 33394.

McFANN & BEAVERS, P.A.
The 110 Tower, Suite 1900
110 Southeast 6th Street
Fort Lauderdale, Florida 33301
Telephone: (954) 462-8500
Fax:             462-8510

**Timothy P. Beavers**

By:_____
TIMOTHY P. BEAVERS
Attorney for Plaintiff
FLORIDA BAR NO.: 258393

**Exhibit "E"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6192-CIV-ZLOCH

JANE KROLAK,

     Plaintiff,

vs.

HUMANA HEALTH INSURANCE
COMPANY OF FLORIDA, INC.,

     Defendant.

_____/



**FINAL JUDGMENT**

THIS **MATTER** is before the Court upon the Plaintiff, Jane
Krolak's Notice Of Acceptance Of Offer Of Judgment, bearing file
stamp of the Clerk of this Court dated June 26, 2000.  The Court
having carefully reviewed said Notice and the entire Court file
herein, and being otherwise fully advised in the premises, it is

    **ADJUDGED** as follows:

    1.   The Plaintiff, Jane Krolak's aforementioned Notice Of
Acceptance Of Offer Of Judgment be and the same is hereby approved,
adopted, and ratified by the Court;

    2.   Final Judgment be and the same is hereby entered in favor
of the Plaintiff, Jane Krolak, and against the Defendant, Humana
Health Insurance Company of Florida, Inc., pursuant to Rule 68 of
the Federal Rules of Civil Procedure;

    3.   The Plaintiff does have and recover of and from the
Defendant the sum $3,500.00; and

    4.   To the extent not otherwise disposed of herein, all

pending motions are hereby **DENIED** as moot.

     **ADJUDGED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of June, 2000.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Timothy P. Beavers, Esq.
For Plaintiff

Craig J. Trigoboff, Esq.
For Defendant

2

**Exhibit "F"**

# WALDMAN FELUREN
# & TRIGOBOFF, P.A.

ATTORNEYS AT LAW

ONE FINANCIAL PLAZA • SUITE 1500 • FORT LAUDERDALE, FLORIDA 33394
TELEPHONE (954) 467-8600 • FACSIMILE (954) 467-6222

July 6, 2000

Timothy P. Beavers, Esq.
McFann & Beavers, P.A.
The 110 Tower, Suite 1900
110 Southeast 6th Street
Fort Lauderdale, Florida 33301

Re:  Jane Krolak v. Humana Health Insurance Company of Florida, Inc.
     United States District Court, Southern District of Florida
     Case No.: 00-6192 CIV-DIMITROULEAS

Dear Tim:

Enclosed please find my client's check number 00320544 in the amount of $3,500.00 made payable to Jane Krolak and McFann & Beavers, P.A., Trust Account representing full satisfaction of the Judgment entered following Plaintiff's acceptance of Humana's Offer of Judgment. As agreed, and as represented in your July 5, 2000 letter, you are to now file a Notice of Voluntary Dismissal with Prejudice and you are instructed not to disburse any settlement funds until same is accomplished.

Finally, you (and your client) are again reminded and instructed to prepare and record a Satisfaction of Judgment in accordance with Florida law and forward a courtesy copy to me.

Thank you for your attention to this matter.

Very truly yours,

Craig J. Trigoboff

CJT:sim
Enclosure

HUMANA.

P.O. Box 1438
Louisville KY, 40201-1438

HUMANA INC.
LOUISVILLE, KY
ID 11701-132067
KEYBANK UT
(PRICE, UTAH)
CIACINNATI, OH

00320544
99-300/
1243

**DATE**    06/29/00

VOID IF NOT PRINTED WITH BLUE BACKGROUND - VOID IF NOT PRINTED WITH BLUE BACKGROUND - VOID IF NOT PRINTED WITH BLUE BACKGROUND

**PAY**    THREE THOUSAND FIVE HUNDRED AND 00/100 DOLLARS

O THE
**ORDER**
**OF:**

JANE KROLAK & MCFANN & BEAVERS
P.A. TRUST ACCOUNT
THE 110 TOWER SUITE 1900
110 SOUTHEAST 6TH STREET
FORT LAUDERDALE, FL    33301

$*****3,500.00

VOID IF NOT CASHED IN 90 DAYS

AGENT OF THE CORPORATION

AGENT OF THE CORPORATION

⑈00320544⑈ ⑈124303007⑈ 519010000049⑈

**Exhibit "G"**

# WALDMAN FELUREN
# & TRIGOBOFF, P.A.

ATTORNEYS AT LAW

ONE FINANCIAL PLAZA • SUITE 1500 • FORT LAUDERDALE, FLORIDA 33394
TELEPHONE (954) 467-8600 • FACSIMILE (954) 467-6222

August 24, 2000

**VIA FACSIMILE**

Timothy P. Beavers, Esq.
McFann & Beavers, P.A.
The 110 Tower, Suite 1900
110 Southeast 6th Street
Fort Lauderdale, Florida 33301

**Re:   Jane Krolak v. Humana Health Insurance Company of Florida, Inc.**
**United States District Court, Southern District of Florida**
**Case No.: 00-6192 CIV-DIMITROULEAS**

Dear Tim:

I have previously requested (see my correspondence to you dated July 5, 2000 and July 6, 2000) that your client prepare and record a Satisfaction of Judgment in accordance with Florida law, to the extent that your client accepted Humana's Offer of Judgment, Final Judgment was entered by the Court, and Humana has since satisfied that Judgment.

Respectfully, this will be my final request. Should your client fail to record and to deliver to me a Satisfaction of Judgment before September 6, 2000, my client will avail itself of any and all remedies available to it and as provided for under § 701.04 and 701.05 *Fla. Stat.*

Thank you for your attention to this matter.

Very truly yours,

Craig J. Trigoboff

CJT:sim